09-3406-cr
USA v. Newsom

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand eleven.

Present:    GUIDO CALABRESI,
            ROBERT A. KATZMANN,
                    *Circuit Judges*,
            JOHN GLEESON,
                    *District Judge*.*

---

UNITED STATES OF AMERICA,

     *Appellee*,

        v.                                No. 09-3406-cr

WILLIAM A. NEWSOM, also known as 2-02cr0881-d15,

     *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | CHARLES P. KELLY, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |
| For Defendant-Appellant: | BOBBI C. STERNHEIM, Law Offices of Bobbi C. Sternheim, New York, N.Y. |

---

    * The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant William A. Newsom appeals from the July 23, 2009 judgment of the district court, following two separate jury trials, convicting him of conspiracy to engage in securities fraud and mail fraud, in violation of 18 U.S.C. § 371, and securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff. In the first trial, *United States v. William A. Newsom*, Cr. 02-881 (S-3) (LDW), ("*Newsom I*"), a jury found that Newsom, a sales agent, had conspired with others to defraud the investing public in the marketing of a private-placement offering known as Heritage Film Group, LLC ("Heritage"). In the second trial, *United States v. William A. Newsom*, Cr. 02-879 (S-2) (LDW) ("*Newsom II*"), a jury similarly found that Newsom had conspired with others to defraud the investing public in the marketing of a private-placement offering known as Out of the Black Partners, LLC ("Out of the Black"). On appeal, Newsom argues that he was deprived of his constitutional right to a fair trial in both cases because the district court improperly admitted, in *Newsom I*, evidence of Newsom's involvement in Out of the Black and, in *Newsom II*, evidence of his role in Heritage. He contends also that the government should have been collaterally estopped from admitting in *Newsom II* evidence of his convictions in *Newsom I*. We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's evidentiary rulings for abuse of discretion. *See Old Chief v. United States*, 519 U.S. 172, 174 n.1 (1997); *United States v. Kelley*, 551 F.3d 171, 174 (2d Cir. 2009) (per curiam). "We will find an abuse of discretion only where the trial judge ruled in an

2

arbitrary or irrational fashion." *Kelley*, 551 F.3d at 175 (internal quotation marks omitted).

We begin with Newsom's argument that the district court abused its discretion by admitting, in *Newsom I*, evidence of Newsom's involvement in Out of the Black and, in *Newsom II*, evidence of his involvement in Heritage. Federal Rule of Evidence 404(b) provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "The Second Circuit's inclusionary approach to the admission of other act evidence allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007) (internal quotation marks omitted). "To determine whether a district court properly admitted other act evidence, the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *Id.* (citation omitted). We address each of these factors in turn.

As an initial matter, there is no dispute that evidence of Newsom's involvement in Out of the Black and Heritage was both relevant and offered for a proper purpose in *Newsom I* and *Newsom II*, respectively. Here, Newsom placed his intent at issue in both trials. In *Newsom I*, Newsom's counsel stated in opening: "This case is about intent. . . . I submit to you that when you listen to the evidence in this case, you will see that [Newsom] did not have intent to deceive the investors." Gov't App. 2. Newsom's counsel likewise stated in opening in *Newsom II*: "The evidence will show that Mr. Newsom acted reasonably and in good faith, based on information that he had from various sources." *Id.* at 18. In these circumstances, evidence of similar acts

3

was offered properly by the government and relevant to prove Newsom's intent. *See, e.g.*, *United States v. Myerson*, 18 F.3d 153, 166-67 (2d Cir. 1994) (concluding that evidence of prior frauds was relevant and admissible to rebut defendant's assertion that a recent divorce caused him to engage in charged fraud).

The next question is whether the probative value of such evidence is outweighed by its prejudicial effect. We have observed that evidence is unfairly prejudicial "only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980); *see also United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (holding that evidence of similar acts was not unfairly prejudicial where it was not "any more sensational or disturbing than the crimes" with which the defendant was charged). Newsom maintains that admission of the "other acts" evidence was improper because the district court did not explicitly balance the potential prejudice of that evidence against its probative value. We have held, however, that "a mechanical recitation of the Rule 403 [balancing] analysis is not required." *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992).

Newsom rejoins that the evidence of other acts was unfairly prejudicial because of the similarity between Heritage and Out of the Black. In fact, however, "other acts" evidence is considered to be probative if it is substantially similar to evidence of the charged conduct. *See United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002) ("[The defendant's] own defense strategy . . . made evidence of his previous participation in a substantially similar scheme highly probative. That [the defendant] previously prepared false audit reports to facilitate a securities fraud scheme tends strongly to belie his assertion that he did not understand the nature of the scheme for which he was being prosecuted."). By arguing that the "other acts" evidence was "virtually identical to the conduct charged in the indictment being tried," Def. Br. 37-38,

4

Newsom essentially concedes that such evidence was highly probative of his intent to conceal from investors the commissions he received in connection with the charged crimes. In any event, we find that the proffered other-acts evidence was not "any more sensational" than the evidence of the charged crimes. *Roldan-Zapata*, 916 F.2d at 804. Accordingly, the probative value of the other-acts evidence was not outweighed by any prejudicial effect.

Finally, we reject Newsom's contention that the district court's limiting instructions during both trials were "utterly ineffective." Def. Br. 26. The district court correctly charged the jury, in pertinent part, that "the defendant to whom that evidence relates is not on trial for those acts. Accordingly, you may not consider the evidence of similar acts as a substitute for proof that a defendant committed the crime charged. Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character." Gov't App. 16. Therefore, having considered each of the Rule 404(b) factors, we conclude that the district court did not abuse its discretion by admitting, in *Newsom I*, evidence of Newsom's involvement in Out of the Black or, in *Newsom II*, evidence of his involvement in Heritage.

We turn next to Newsom's argument that admission in *Newsom II* of his convictions for mail fraud and securities fraud in *Newsom I* violates the doctrine of collateral estoppel. "When the defendant invokes collateral estoppel in the usual criminal case, the Government is seeking to relitigate an issue in a second prosecution that was necessarily resolved in defendant's favor in an earlier proceeding." *Pinkney v. Keane*, 920 F.2d 1090, 1097 (2d Cir. 1990). Here, there is no support for Newsom's contention that the government sought to relitigate in *Newsom II* any issues decided in Newsom's favor in *Newsom I*. Instead, the government sought admission of Newsom's prior convictions for purposes of impeachment. Although Newsom argues that the government sought to admit the convictions under Rule 404(b), the government stated at trial that it would seek to elicit evidence of the convictions only if Newsom testified. **GA 20.** In fact,

5

it was Newsom's counsel, not the government, who elicited such evidence from Newsom during his direct examination in *Newsom II*. In any event, evidence of Newsom's convictions for mail fraud and securities fraud was admissible in *Newsom II* because they required "proof or admission of an act of dishonesty or false statement" under Rule 609(a)(2).

We have considered Newsom's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK